[No. 6,601.—Department One.]

# IN THE MATTER OF THE ESTATE OF CORNELIA M. POST.

GUARDIAN AND WARD—ACCOUNT.—A guardian of a minor lent money of his ward to B., on her promise to execute in the future her promissory note therefor, and a mortgage upon lands which she contemplated buying with said money. She bought the land, but refused to execute the note or mortgage; *held*, that the guardian should be held responsible for the money loaned

APPEAL from an order in the Probate Court of the City and County of San Francisco. MYRICK, J.

The Court made an order settling the account of T. W. Dennis, as guardian of Cornelia M. Post, and refusing to credit Dennis with an item of $850. The guardian, Dennis, appealed.

*Henry E. Highton*, for Appellant.

The guardian acted honestly; the only question is, whether he manifested sufficient prudence in the premises. Generally speaking, all that a guardian is expected to do, in respect to the affairs of his ward, is what a competent and faithful man would do in the management of his own affairs. (*Milner* v. *Lord Harewood*, 18 Ves. 259.)

*W. C. Burnett*, and *Thomas H. Merry*, for Respondent.

"If a guardian loan the ward's funds without security, he is liable for any loss that may occur, although it may appear that the person to whom it was loaned was then reputed solvent, and had considerable estate." (*Clay* v. *Clay*, 3 Met. 553.)

Ross, J.:

T. W. Dennis was appointed, by the Probate Court of the city and county of San Francisco, guardian of the estate of Charlotte M. Post, a minor, and as such guardian received certain moneys of his ward. The ward, after attaining her majority, required the guardian to render an account of his guardianship to the proper Court, which he did. In his account, the guardian claimed a credit of $850, which he loaned his sister,

Mrs. Bean, on her promise to execute to him in the future her promissory note for the amount, together with—as security for its payment—a mortgage on some land she contemplated buying with the money. Mrs. Bean bought the land, but refused to execute the note or mortgage. The ward contested this item in the account, and the Probate Court very properly sustained her objection to it. The loan was made without any security, and without even taking any evidence of indebtedness. It is not necessary to cite authorities in support of the proposition that the guardian is responsible for the funds of his ward so disposed of.

Order affirmed.

McKINSTRY, J., and McKEE, J., concurred.